# IN THE COURT OF APPEALS OF IOWA

No. 21-0062
Filed November 23, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DEVONTEZ D. VOIGTS,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Story County, Bethany Currie, Judge.

Devontez Voigts appeals the district court's denial of his challenge to the racial composition of the jury pool. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Mullins, P.J., and May, J. and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**MULLINS, Presiding Judge.**

Devontez Voigts appeals the district court's denial of his challenge to the racial composition of the jury pool in his criminal trial. Our review of constitutional issues is de novo. *State v. Lilly*, 930 N.W.2d 293, 298 (Iowa 2019).

The facts underlying our initial review of Voigts's claim need not be restated here. *See State v. Voigts*, No. 18-1927, 2019 WL 5424965, at *1 (Iowa Ct. App. Oct. 23, 2019). Following remand, the district court held a hearing and again determined that Voigts failed to provide affirmative evidence "to correlate the underrepresentation with some aspect of jury speculation," but that Voigts had proved the first two elements of the test pronounced in *Duren v. Missouri*, 439 U.S. 357, 364 (1979). Our supreme court clarified that, although "run-of-the-mill jury management practices" may create systematic exclusion of a distinctive group in jury pools, a "defendant must prove that the practice has caused systematic underrepresentation." *Lilly*, 930 N.W.2d at 307–08. "Mere speculation about the possible causes of underrepresentation will not substitute for a credible showing of evidence supporting those allegations." *Id.* at 307 (quoting Paula Hannaford-Agor, *Systematic Negligence in Jury Operations: Why the Definition of Systematic Exclusion in Fair Cross Section Claims Must Be Expanded*, 59 Drake L. Rev., 761, 790–91 (2011)).

At his hearing in December 2020, Voigts appeared with a statistical analyst as an expert witness. The expert testified to her findings and opinion that "there is an underrepresentation of African Americans and Asians in the jury pools that is unlikely to have happened by chance." But, the expert was unable to identify any particular error or issue with the system that caused the underrepresentation. On

our review of the record, we find no other testimony or evidence that points to any particular aspect of the system used for drawing jury pools. Instead, before the district court and now on appeal, Voigts argues the system itself is at fault, contending "that the revised jury management practices that were put into place in December of 2018 by the Iowa Supreme Court demonstrates that systematic exclusion of distinctive groups occurred prior to their implementation and specifically at the time of [Voigts]'s trial." Voigts asserts that failure to employ the December 2018 jury-management practices at the time of his trial amounts to a systematic exclusion of minority racial representation on juries and is the point of failure required to meet the third prong of the *Duren* test.

While Voigts's first appeal was pending, our supreme court held that a defendant must do more than point to some possibility or rely on speculation linking the underrepresentation with the jury-management practice that caused it. *See id.* at 306–08. Thus, we affirmed on condition and remanded Voigts's case to allow him the opportunity to develop his arguments before the district court in light of the new precedent on jury fair-cross-section claims. *Voigts*, 2019 WL 5424965, at *2. The evidence produced by Voigts at the hearing on remand focused on systematic underrepresentation. He argues in this appeal that the fact that jury-management practices have changed since the time of his trial is per se proof that the practices caused underrepresentation. But, he has failed to meet his burden to "prove that [a particular] practice has caused systematic underrepresentation." *Lilly*, 930 N.W.2d at 307–08. We affirm the district court's rejection of Voigts's fair-cross-section challenge.

**AFFIRMED.**